UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRUCE H. BARNES,                :
                                :
    Plaintiff,                  :
                                :
v.                              :   CASE NO. 3:06-CV-693 (RNC)
                                :
MASHANTUCKET PEQUOT TRIBAL      :
NATION, ET AL.,                 :
                                :
    Defendants.                 :

RULING AND ORDER

Plaintiff brings this action against his former employer, the Mashantucket Pequot Tribal Nation ("Tribe"), and five of its employees, alleging employment discrimination in violation of 42 U.S.C. §§ 2000e, et seq. ("Title VII"), 42 U.S.C. §§ 12101, et seq. ("ADA"), and 29 U.S.C. §§ 701 et seq. ("Rehabilitation Act"). The Tribe has moved to dismiss the complaint for lack of subject matter jurisdiction based on tribal immunity. [Doc. #13]. Plaintiff has not submitted a memorandum in opposition. The motion is granted.

I.  Facts

Plaintiff was twice employed as a dealer at the Tribe's Foxwoods Resort Casino. After his employment was terminated in July 2003, he brought suit in tribal court. The suit was settled and plaintiff was reinstated. His employment was terminated again in August 2005. He filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), received a right to sue letter, then brought this suit. After the Tribe moved to dismiss, plaintiff amended his complaint to add the five individual

defendants: Foxwoods' Chief Executive Officer, the Vice President of Gaming, the Tribe's General Counsel, and two of the General Counsel's staff.

II. Standard of Review

In considering a Rule 12(b) motion to dismiss, courts must accept as true all factual allegations in the complaint and draw inferences from those allegations in the light most favorable to the plaintiff. See, e.g., Global Network Comm., Inc. v. New York, 458 F.3d 150, 154 (2d Cir. 2006). Dismissal is proper only if it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id. "On a motion invoking sovereign immunity to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of proving by a preponderance of evidence that jurisdiction exists." Garcia v. Akwesasne Hous. Auth., 268 F.3d 76, 84 (2d Cir. 2001).

III. Discussion

"[A]n Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998); Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 356-57 (2d Cir. 2000). Tribal immunity extends to a tribe's commercial activity, see Kiowa Tribe, 523 U.S. at 754-55, and to a tribe's officers and employees with regard to actions within the scope of their employment. See Chayoon v. Chao, 355 F.3d 141, 143 (2d Cir. 2004). Neither

2

congressional abrogation of tribal immunity nor a tribe's waiver of immunity may be implied, but instead must be "unequivocally expressed." See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978).

Both Title VII and the ADA explicitly exempt Indian tribes from the definition of covered employers. See 42 U.S.C. § 2000e(b)(1); 42 U.S.C. § 12111(5)(B)(i). The Rehabilitation Act defines a covered local agency to include "an agency of a unit of . . . an Indian tribe (or combination of such units or tribes) which has an agreement with the designated State agency to conduct a vocational rehabilitation program under the supervision of such State agency in accordance with [an approved State vocational rehabilitation plan]." 29 U.S.C. § 705(24). This isolated provision, concerned with a particular kind of program, does not suggest an unequivocal, broad abrogation of tribal immunity with respect to all claims against an Indian tribe. See Sanderlin v. Seminole Tribe, 243 F.3d 1282, 1289-90 (11th Cir. 2001). Further, plaintiff does not allege that the Tribe maintains a covered vocational rehabilitation program, that he participated in such a program, or that the Tribe ever received any other form of federal financial assistance within the scope of the Rehabilitation Act.

With regard to the individual defendants, plaintiff's amended complaint alleges that their actions were unlawful. But nothing in the complaint suggests that the individuals acted in other than

3

their official capacities, and there is no allegation that any of them exceeded their authority.[1]

IV. Conclusion

Accordingly, the motion to dismiss the action for lack of subject matter jurisdiction based on tribal immunity [doc. #13] is hereby granted.

So ordered this 3rd day of March 2007.

/s/
Robert N. Chatigny
United States District Judge

---

[1] The Court has analyzed whether the individuals are immune from suit because it has an independent obligation to consider the presence or absence of subject matter jurisdiction, even in the absence of a motion to dismiss filed by these defendants. See Joseph v. Leavitt, 465 F. 3d 87, 89 (2d Cir. 2006).